Mr. Justice Scott delivered the opinion of the Court. At the suit of the appellant, process of attachment was issued by a justice of the peace against the property of Miles C. Woods, and levied upon personal property. This property was claimed by the appellee, and he was allowed to interplead before the justice under the provisions of the statute. ■ The issue on the in-terplea was found for the plaintiff in the attachment, and judgment by the justice was rendered accordingly, from which Isaac Woods appealed to the circuit court, where there was a trial de novo, and judgment rendered for him, which is brought here by appeal. The right of Isaac Woods to appeal from the justice’s court is denied by the counsel for the appellant in this court, and besides this there is no other question presented for our decision. None of the authorities cited sustain the objection that the appeal was unauthorized, but they simply go to the extent of supporting a general doctrine of the law, long and well settled, that statutory remedies out of the course of the common law, are to be construed strictly, because such militate against common right, and are supposed in general to be harsh, energetic and effective in their operation, and easily perverted to the purposes of oppression. And so far from this doctrine being in support of the position assumed in this case, it is, in its legitimate operation, directly to the contrary: because the reasons upon which it is based invincibly forbid its application alike to such statutory means enacted along with the remedy itself to ameliorate its effective harshness, as to all the other means for its resistance that are afforded by the general law. And it was upon this foundation that it was remarked, in the opinion of this court delivered in the case of Childress vs. Fowler, (4 Eng. R. 165,) when speaking of the statute of attachments, that, “to apply the principles of strict construction, which are usually applied to remedies derogatory to the common law, to provisions of the statute designed for resistance to this class of remedies, would be felo de se, and in utter perversion of this conservative doctrine.” And, in the same case, it was remarked, of proceedings in attachment cases, that, “ for all purposes perhaps, and certainly for all purposes connected with resistance to their progress through the courts, they were not to be considered in any other light than in that of suits or actions at law set on foot by the legislature, not in a condition of isolation, but directly in view of and in harmonious combination with our entire system of jurisprudence as a whole, of which they themselves were a component part, and that necessarily, like all other remedies, their want of propriety or efficiency must be made to appear in the regular established course of pleading applicable to all other ac.tions at law, unless in points where the statute which gave them existence otherwise provides.” These remarks, although in that case made in direct reference to a question of pleading, lay down principles which we regard as having a direct and conclusive bearing upon the question before us. Nor can it be possible to remove this case from the operation of these principles by any argument based upon the foundation that in the same sense that a proceeding by attachment is a new remedy for the plaintiff in such proceedings, the remedy by interplea is also a new remedy for a third person, and that thereafter both are alike statutory remedies, and run contrary to the course of the common law; because, while the one militates against common right, the other sustains it, and, in doing so, effects so far the very object that was designed to be accomplished by this rule of strict construction. In view, then, of these doctrines, and of their legitimate application as we have ruled, we can entertain no doubt but that the appellee in this court had a clear right of appeal from the justice’s court — holding the provisions of our statute of Appeals (Digest, ch. 95, y?. 666, sec. 174) amply wide for this purpose. Finding no error in the proceedings of the circuit court, the judgment must be affirmed with costs.